

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

D-1 HAYDAR AL HAYDARI
D-2 KARAR ALNAKASH
D-3 ABBAS AL OTHMAN
D-4 MOHAMMED AL HILO
D-5 MOUSTAPHA AL FETLAWI
D-6 TERRILL DAVIS
D-7 DAVID ROSHINSKY WILLIAMS
D-8 MOHAMMED AL ABBOODI

    Defendants.

_____/

Case: 2:25-cr-20612
Assigned To : Grey, Jonathan J.C.
Referral Judge: Altman, Kimberly G.
Assign. Date : 8/13/2025
Description: INDI USA V. SEALED MATTER (NA)

Violations:
18 U.S.C. § 371
18 U.S.C. § 2312
18 U.S.C. § 2

## **INDICTMENT**

THE GRAND JURY CHARGES:

### **General Allegations**

At times relevant to this Indictment:

1.    HAYDAR AL HAYDARI, KARAR ALNAKASH, ABBAS AL OTHMAN, MOHAMMED AL HILO, MOUSTAPHA AL FETLAWI, and MOHAMMED AL ABBOODI were each engaged in the business of shipping motor vehicles and/or automotive parts across state lines and overseas.

1

2.     The conspirators included two groups of individuals: smugglers of stolen cars—including HAYDAR AL HAYDARI, KARAR ALNAKASH, ABBAS AL OTHMAN, MOHAMMED AL HILO, MOUSTAPHA AL FETLAWI, and MOHAMMED AL ABBOODI—and brokers of stolen cars—including TERRILL DAVIS and DAVID ROSHINSKY WILLIAMS.

3.     The brokers' role was to obtain stolen cars from a network of car thieves with whom they worked and coordinate the delivery of those vehicles to the smugglers, in exchange for money.

4.     The smugglers, in turn, received stolen cars from the brokers, caused them to be packed into shipping containers, and arranged for them to be shipped interstate and overseas.

5.     Car thieves and brokers worked together to identify cars of interest to the smugglers. A broker, acting as a middleman, would inform the smuggler what stolen cars were available, usually high-end vehicles. The broker and the smuggler would then negotiate a price for the stolen vehicle, which would be well below the car's fair market value.

6.     The smugglers' goal was to ship and sell the stolen vehicles overseas, often to customers in the Middle East. To do so, they used shipping containers, vessel lines, and freight-forwarding agents.

7.     A freight-forwarding agent is akin to a travel agent for shipments. A freight forwarder helps a shipper (in this case, the smuggler) first by delivering a shipping container to the shipper for packing by the shipper. The shipper (smuggler) is also responsible for providing the freight forwarder with critical information related to the shipment, including the contents of the shipment, its value, the destination, and the recipient. Based on the information received, the freight forwarder then arranges for the shipment of the packed container from the shipper (smuggler) to U.S. ports, often via freight lines (trucking companies) and railroads. The freight forwarder also secures passage of the shipment on a vessel from the U.S. port to an overseas port.

8.     Importantly, in addition to filing the necessary documents with the companies transporting the shipments, the freight forwarder also files a shipping manifest with Customs and Border Protection (CBP), an agency of the United States. The filing of complete and

3

accurate shipping manifests with CBP is critical to CBP carrying out its

lawful governmental functions in that it allows CBP to verify that the

to-be-exported items are lawfully exportable under U.S. law.

9.     These general allegations are incorporated by reference and

realleged into each and every count of this Indictment as though fully

alleged therein.

## COUNT ONE
*Conspiracy to Transport a Stolen Vehicle or Vehicles*
*and Defraud the United States*
18 U.S.C. §§ 371, 2312

D-1 HAYDAR AL HAYDARI
D-2 KARAR ALNAKASH
D-3 ABBAS AL OTHMAN
D-4 MOHAMMED AL HILO
D-5 MOUSTAPHA AL FETLAWI
D-6 TERRILL DAVIS
D-7 DAVID ROSHINSKY WILLIAMS
D-8 MOHAMMED AL ABBOODI

**Description of the Conspiracy**

10.     Beginning in or around July 2023, and continuing through in

or around August 2025, in the Eastern District of Michigan and

elsewhere, defendants HAYDAR AL HAYDARI, KARAR ALNAKASH,

ABBAS AL OTHMAN, MOHAMMED AL HILO, MOUSTAPHA AL

FETLAWI, TERRILL DAVIS, DAVID ROSHINSKY WILLIAMS, and

4

MOHAMMED AL ABBOODI, knowingly and willfully combined, conspired, confederated, and agreed with each other and others, both known and unknown to the grand jury, to commit an offenses against the United States, namely, to violate Title 18, United States Code, Section 2312 (transportation of a stolen vehicle or vehicles), and to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the U.S. Customs and Border Protection.

## Objects of the Conspiracy

11. An object of the conspiracy was for the conspirators to enrich themselves from the theft, transportation, and sale of stolen motor vehicles and to conceal such activities from law enforcement authorities.

12. An object of the conspiracy was to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of CBP, including but not limited to CBP's verification that the to-be-exported items were lawfully exportable under U.S. law.

5

## Manner and Means of the Conspiracy

13.    As part of the conspiracy, the smugglers provided false information to the freight forwarder so as to cause the filing of false manifests with CBP. For example, the manifests would report that the to-be-exported items were a non-automotive product, auto parts, or cars *other* than the actual cars inside the container.

14.    Once a container arrived at one of several commercial/industrial lots in Detroit, Mich.— one on Greenfield Road (Greenfield Lot), one on Fullerton Avenue (Fullerton Lot), one on Tireman Avenue (Tireman Lot), and one on Nelson Street (Nelson Lot)—the smugglers had the brokers arrange the delivery of one or more stolen vehicles.

15.    The smugglers coordinated the precise arrival of stolen cars with the presence of shipping containers in order to avoid stolen cars being exposed to public view for long periods of time. Oftentimes, the brokers escorted the car thieves and the stolen vehicles to the lot. Either upon delivery or shortly after delivery, the smugglers would pay the brokers (or the thieves directly) for the stolen vehicles.

16.    Once the stolen cars were at one of the smugglers' lots, the smugglers caused them to be packed into shipping containers. From there, while the smugglers coordinated with a freight forwarder, the container would move from the smugglers' lot to a railyard (and ultimately to a U.S. port), or at times, directly via freight line to a port city. Once at the port, the container moved to a vessel and was shipped overseas (unless intercepted by law enforcement).

## Overt Acts

17.    In furtherance of the conspiracy and to affect the objects of the conspiracy, the defendants and others committed the following overt acts, among others, in the Eastern District of Michigan and elsewhere:

a.    On or about March 14, 2025, TERRILL DAVIS agreed with HAYDAR AL HAYDARI that AL HAYDARI would pay DAVIS for the delivery of two stolen vehicles.

b.    On or about March 14, 2025, a co-conspirator delivered a stolen BMW X5, VIN: 5YM13ET07R9T11607, to the Fullerton Lot.

c.   On or about March 14, 2025, a co-conspirator delivered a stolen Chevrolet Camaro, VIN: 1G1FH1R74P0102333, to the Fullerton Lot.

d.   On or about March 14, 2025, HAYDAR AL HAYDARI directed MOUSTAPHA AL FETLAWI to pay TERRILL DAVIS for the stolen X5 and Camaro and to bring the two vehicles inside a building at the Fullerton Lot.

e.   On or about June 23, 2023, MOHAMMED AL HILO requested a shipping container from Seastar on behalf of AlHilo Automotive LLC, for a shipment to Iraq.

f.   On or about July 31, 2023, after the delivery of shipping container HASU5206330, AL HILO falsely replied, "Yes[,]" when the freight forwarder's employee asked him to confirm that container comprised auto parts, when, in fact, the container contained complete and stolen motor vehicles.

g.   On or about October 9, 2023, ABBAS AL OTHMAN requested a shipping container from Seastar, a freight-forwarding agent, on behalf of Eagle Auto Sales LLC, for a shipment to Dubai, United Arab Emirates.

h.  On October 11, 2023, ROSHINSKY WILLIAMS escorted a stolen Ford Bronco, VIN: 1FMEE5JR2PLB79762, to the Greenfield Lot.

i.  On or about October 19, 2023, after the delivery of shipping container UACU5861101, AL OTHMAN falsely replied, "Yes[,]" when the freight forwarder's employee asked AL OTHMAN to confirm that the container comprised auto parts, when, in fact, the container contained complete and stolen motor vehicles.

j.  On or about October 2, 2023, KARAR ALNAKASH requested a shipping container from Seastar on behalf of KJ Auto Sales, Inc.

k.  On or about October 2, 2023, after the delivery of shipping container MIEU0000977, ALNAKASH falsely told the freight forwarder's employee that the container comprised 22 pallets of antifreeze, when, in fact, the container contained complete and stolen motor vehicles.

l.  On or about December 19, 2023, MOHAMMED AL ABBOODI requested a shipping container from Master

Shipping, Inc., a freight-forwarding agent, for a shipment to

Iraq.

m.   On or about December 19, 2023, AL ABBOODI falsely told

the freight forwarder's employee that the container

comprised auto parts, when, in fact, the container contained

complete and stolen motor vehicles.

n.   On or about December 18, 2023, AL ABBOODI sent AL

HAYDARI an image of a stolen Dodge Durango,

VIN: C4SDJCT4PC551002.

o.   On or about December 18, 2023, AL ABBOODI sent AL

HAYDARI an image of a stolen Dodge Durango,

VIN: 1C4SDJCT0NC227350.

p.   On or about December 19, 2023, AL ABBOODI sent AL

HAYDARI an image of a shipping container, MSKU

8883078.

q.   On or about August 2023, Gulf Sea Auto Sales attempted to

transport two stolen Range Rovers, VINs:

SALWZ2RE2NA227730 and SALKP9E75PA050484, from

Detroit to Iraq, in a shipping container.

r.  On or about March 4, 2025, MOUSTAPHA AL FETLAWI,

the registered agent of Gulf Sea Auto Sales, asked HAYDAR

AL HAYDARI the amount of salary/compensation Gulf Sea

Auto Sales should report providing AL HAYDARI on AL

HAYDARI's 2024 W-2.

s.  On or about March 4, 2025, HAYDAR AL HAYDARI directed

MOUSTAPHA AL FETLAWI to report $50,000 as the

amount of salary/compensation Gulf Sea Auto Sales issued

AL HAYDARI on AL HAYDARI'S 2024 W-2.

t.  On or about February 13, 2024, MOHAMMED AL

ABBOODI sent a text message to HAYDAR AL HAYDARI

containing a picture of a stolen Dodge Ram, VIN:

1C6SRFU95NN249308.

u.  On or about February 15, 2024, a conspirator attempted to

ship the stolen Dodge Ram, VIN: 1C6SRFU95NN249308,

from the Eastern District of Michigan to Canada.

v.  On or about March 7, 2025, TERRILL DAVIS advised

HAYDAR AL HAYDARI that he would check certain cars for

AirTags because other persons would try to "steal 'em back."

11

w.   On or about March 8, 2025, MOHAMMED AL HILO asked

HAYDAR AL HAYDARI to provide the name of a company

that could ship cars and whose name had not been "burnt."

x.   On or about May 14, 2025, KARAR ALNAKASH told

HAYDAR AL HAYDARI that KJ ProMax, a company of

which ALNAKASH was the registered agent, had been

"burned."

All in violation of Title 18, United States Code, Section 371.

### COUNT 2
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-1 HAYDAR AL HAYDARI
D-5 MOUSTAPHA AL FETLAWI
D-6 TERRILL DAVIS

18.   In or about March 2025, in the Eastern District of Michigan

and elsewhere, defendants HAYDAR AL HAYDARI, MOUSTAPHA AL

FETLAWI, and TERRILL DAVIS, and others known and unknown to

the grand jury, unlawfully transported and caused to be transported in

interstate commerce a stolen motor vehicle, that is, a BMW X5, VIN:

5YM13ET07R9T11607, from Michigan to New Jersey, knowing the

12

same to be stolen, in violation of Title 18, United States Code, Sections

2312 and 2.

## COUNT 3
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-1 HAYDAR AL HAYDARI
D-5 MOUSTAPHA AL FETLAWI
D-6 TERRILL DAVIS

19.     In or about March 2025, in the Eastern District of Michigan

and elsewhere, defendants HAYDAR AL HAYDARI, MOUSTAPHA AL

FETLAWI, and TERRILL DAVIS, and others known and unknown to

the grand jury, unlawfully transported and caused to be transported in

interstate commerce a stolen motor vehicle, that is, a Chevrolet

Camaro, VIN: 1G1FH1R74P0102333, from Michigan to New Jersey,

knowing the same to be stolen, in violation of Title 18, United States

Code, Sections 2312 and 2.

## COUNT 4
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-1 HAYDAR AL HAYDARI
D-4 MOHAMMED AL HILO

20.     In or about July 2023, in the Eastern District of Michigan

and elsewhere, defendants HAYDAR AL HAYDARI and MOHAMMED

AL HILO, and others known and unknown to the grand jury,
unlawfully transported and caused to be transported in interstate
commerce a stolen motor vehicle, that is, a Dodge Ram, VIN:
1C6SRFFTXPN580994, from Michigan to New Jersey, knowing the
same to be stolen, in violation of Title 18, United States Code, Sections
2312 and 2.

## COUNT 5
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-1 HAYDAR AL HAYDARI
D-4 MOHAMMED AL HILO

21.    In or about July 2023, in the Eastern District of Michigan
and elsewhere, defendants HAYDAR AL HAYDARI and MOHAMMED
AL HILO, and others known and unknown to the grand jury,
unlawfully transported and caused to be transported in interstate
commerce a stolen motor vehicle, that is, a Dodge Ram, VIN:
1C6SRFJT7NN367845, from Michigan to New Jersey, knowing the
same to be stolen, in violation of Title 18, United States Code, Sections
2312 and 2.

**COUNT 6**
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-3 ABBAS AL OTHMAN
D-7 DAVID ROSHINSKY WILLIAMS

22.    In or about October 2023, in the Eastern District of

Michigan and elsewhere, defendants ABBAS AL OTHMAN and DAVID

ROSHINSKY WILLIAMS, and others known and unknown to the grand

jury, unlawfully transported and caused to be transported in interstate

commerce a stolen motor vehicle, that is, a Ford Bronco, VIN:

1FMEE5JR2PLB79762, from Michigan to New Jersey, knowing the

same to be stolen, in violation of Title 18, United States Code, Sections

2312 and 2.

**COUNT 7**
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-3 ABBAS AL OTHMAN

23.    In or about October 2023, in the Eastern District of Michigan

and elsewhere, defendant ABBASS AL OTHMAN, and others known

and unknown to the grand jury, unlawfully transported and caused to

be transported in interstate commerce a stolen motor vehicle, that is, a

Ford Mustang, VIN: 1FA6P8CF8R5409521, from Michigan to New

Jersey, knowing the same to be stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT 8
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

### D-3 ABBAS AL OTHMAN

24.   In or about October 2023, in the Eastern District of Michigan and elsewhere, defendant ABBAS AL OTHMAN, and others known and unknown to the grand jury, unlawfully transported and caused to be transported in interstate commerce a stolen motor vehicle, that is, a Ford Mustang, VIN: 1FA6P8R04R5501860, from Michigan to New Jersey, knowing the same to be stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT 9
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

### D-2 KARAR ALNAKASH

25.   In or about October 2023, in the Eastern District of Michigan and elsewhere, defendant KARAR ALNAKASH, and others known and unknown to the grand jury, unlawfully transported and caused to be transported in interstate commerce a stolen motor vehicle, that is, a

Ford F-150, VIN: 1FTFW1RG6PFC90587, from Michigan to New

Jersey, knowing the same to be stolen, in violation of Title 18, United

States Code, Sections 2312 and 2.

## COUNT 10
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-2 KARAR ALNAKASH

26.   In or about October 2023, in the Eastern District of Michigan

and elsewhere, defendant KARAR ALNAKASH, and others known and

unknown to the grand jury, unlawfully transported and caused to be

transported in interstate commerce a stolen motor vehicle, that is, a

Ford F-150, VIN: 1FTFW1RG0PFC84705, from Michigan to New

Jersey, knowing the same to be stolen, in violation of Title 18, United

States Code, Sections 2312 and 2.

## COUNT 11
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-8 MOHAMMED AL ABBOODI

27.   In or about December 2023, in the Eastern District of

Michigan and elsewhere, defendant MOHAMMED AL ABBOODI, and

others known and unknown to the grand jury, unlawfully transported

and caused to be transported in interstate commerce a motor stolen

vehicle, that is, a Dodge Durango, VIN: 1C4SDJCT0NC227350, from

Michigan to New Jersey, knowing the same to be stolen, in violation of

Title 18, United States Code, Sections 2312 and 2.

**COUNT 12**
*Transportation of a Stolen Vehicle*
18 U.S.C. §§ 2312 & 2

D-8 MOHAMMED AL ABBOODI

28.    In or about December 2023, in the Eastern District of

Michigan and elsewhere, defendant MOHAMMED AL ABBOODI, and

others known and unknown to the grand jury, unlawfully transported

and caused to be transported in interstate commerce a stolen motor

vehicle, that is, a Dodge Durango, VIN: 1C4SDJCT4PC551002, from

Michigan to New Jersey, knowing the same to be stolen, in violation of

Title 18, United States Code, Sections 2312 and 2.

**FORFEITURE ALLEGATIONS**

The allegations contained in Counts 1 through 12 of this

Indictment are realleged and incorporated by reference to allege

forfeiture under Title 18, United States Code, Section 981(a)(1)(C), Title

18, United States Code, Section 982(a)(5), Title 18, United States Code,

Section 3665, and Title 28, United States Code, Section 2461(c).

Upon conviction of an offense in violation of Title 18, United States Code, Section 2312, the defendants shall forfeit to the United States, under Title 18, United States Code, Section 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of the offense.

The forfeiture in this case may include entry of a forfeiture money judgment in an amount up to the value of the property subject to forfeiture for the violations of conviction.

If, by any act of omission of the defendants, the proceeds of the offenses: cannot be located upon the exercise of due diligence, have been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to forfeit substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

*s/ Grand Jury Foreperson*
GRAND JURY FOREPERSON

JEROME F. GORGON JR.
United States Attorney

*s/ Douglas C. Salzenstein*
Douglas C. Salzenstein
Chief, Homeland Security Unit
Assistant United States Attorney

*s/ Louis F. Meizlish*
Louis F. Meizlish
Assistant United States Attorney

*s/ Hank Moon*
Hank Moon
Assistant United States Attorney

Dated: August 13, 2025

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover S | Case: 2:25–cr–20612<br>Assigned To : Grey, Jonathan J.C.<br>Referral Judge: Altman, Kimberly G.<br>Assign. Date : 8/13/2025<br>Description: INDI USA V. SEALED MATTER (NA) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it a~~~ ... .. ...~~~~.

| **Companion Case Information** | **Companion Case Number:** 24-cr-20162 |
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** Mark A. Goldsmith |
| ☒ Yes      ☐ No | AUSA's Initials: _L.F.M._ |

**Case Title:** USA v.   (see attachment for names of defendants)

**County where offense occurred :**  Wayne and elsewhere

**Check One:**      ☒ Felony          ☐ Misdemeanor              ☐ Petty

✓ Indictment/_____Information --- **no prior complaint.**
_____Indictment/_____Information --- **based upon prior complaint [Case number:** _____      ]
_____Indictment/_____Information --- **based upon LCrR 57.10 (d) [Complete Superseding section below].**

## Superseding Case Information

**Superseding to Case No:** _____          **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

August 13, 2025
_____
Date

Louis F. Meizlish
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9745
Fax:    313-226-2311
E-Mail address: Louis.Meizlish@usdoj.gov
Attorney Bar #:  P75168

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

## **Attachment to Criminal Cover Sheet**

D-1 HAYDAR AL HAYDARI
D-2 KARAR ALNAKASH
D-3 ABBAS AL OTHMAN
D-4 MOHAMMED AL HILO
D-5 MOUSTAPHA AL FETLAWI
D-6 TERRILL DAVIS
D-7 DAVID ROSHINSKY WILLIAMS
D-8 MOHAMMED AL ABBOODI